1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT KALANI,

11          Plaintiff,                    No. 2:12-cv-212-MCE-EFB

12      vs.

13   MOTHER LODE REAL INVESTORS;
     RICHARD GLADE dba FULL CIRCLE
14   TRADING CO.,

15          Defendants.                   ORDER
     _____/

16

17      On June 17, 2013, plaintiff filed a motion to compel defendants' attendance at their

18  depositions, as well as a request for sanctions.[1]  Dckt. No. 40.  The motion was noticed for

19  hearing on July 10, 2013.  *Id.*

20      Because defendants have completely failed to respond to plaintiff's notices of deposition,

21  Eastern District of California Local Rule 251(e) applies.  *See* E.D. Cal. L.R. 251(e) (providing

22  that the requirement that the parties file a Joint Statement re Discovery Disagreement does not

23  apply "when there has been a complete and total failure to respond to a discovery request or

24  _____

25      [1] On June 11, 2013, the assigned district judge issued an order granting plaintiff's
    unopposed ex parte application for relief from the scheduling order, and gave plaintiff five court
26  days to file this motion to compel and motion for sanctions.  Dckt. No. 39.

                                          1

order").  Under Local Rule 251(e), a responding party must file a response to the discovery

motion at issue no later than seven days before the hearing date, or in this instance, by July 3,

2013.  The deadline has passed and defendants have not filed any response to plaintiff's motion.

Therefore, defendants will not be entitled to be heard on the motion, and the hearing on the

motion will be vacated.

      Plaintiff is entitled to depose defendants. Fed. R. Civ. P. 30(a)(1) ("A party may, by oral

questions, depose any person, including a party, without leave of court except as provided in

Rule 30(a)(2)."); Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the

deponent a public or private corporation, a partnership, an association, a governmental agency,

or other entity and must describe with reasonable particularity the matters for examination. The

named organization must then designate one or more officers, directors, or managing agents, or

designate other persons who consent to testify on its behalf; and it may set out the matters on

which each person designated will testify.").  Defendants have not provided any valid excuse for

their failures to appear for deposition, since they failed to respond to the motion to compel.

Accordingly, plaintiff's motion to compel defendants' depositions is granted.

      Plaintiff also requests that defendants be required to pay the expenses of bringing the

motion to compel.[2]  Dckt. No. 40-1 at 4-5.  Rule 37(a)(5)(A) provides that if a motion to compel

is granted, the court must require the party whose conduct necessitated the motion to pay the

movant's reasonable expenses incurred in making the motion unless the moving party failed to

attempt in good faith to obtain the discovery or disclosures without court action, the non-

disclosure was substantially justified, or the circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 37(d)(1)(A) ("The court where the action is

pending may, on motion, order sanctions if: . . . a party . . . fails, after being served with proper

notice, to appear for that person's deposition.").  Here, plaintiff attempted in good faith to depose

---

[2] Plaintiff's counsel requests that he be permitted to submit to the court a declaration detailing counsel's fees and costs.  Dckt. No. 40-1 at 5; Dckt. No. 40-4.

1    defendants and then to resolve this dispute without court action.  Moreover, defendants have

2    provided no justification for their failure to appear for deposition, and the court is aware of no

3    other circumstances that would make an award of expenses unjust.  Therefore, defendants will be

4    ordered to reimburse plaintiff for the reasonable expenses incurred in making the motion to

5    compel.

6              Accordingly, IT IS HEREBY ORDERED that:

7              1.  Plaintiff's motion to compel defendants to appear for deposition, Dckt. No. 40, is

8    granted, and the July 10, 2013 hearing thereon is vacated.

9              2.  Plaintiff is to coordinate dates with defendants for the taking of their depositions and

10   defendants are to promptly cooperate in the setting of such depositions.

11             3.  Defendants are to appear at their depositions on the dates agreed upon and under the

12   same deposition notices as were served upon them on May 9, 2013.

13             4.  The depositions of defendants are to take place no later than August 16, 2013.

14             5.  Plaintiff will be awarded his reasonable attorney fees and costs in bringing this

15   motion. Within fourteen (14) days of the date of this order, plaintiff is to file declaration(s) from

16   his counsel regarding the time and costs so incurred.

17             6.  Defendants are admonished that failure to comply with this order and/or continued

18   failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result

19   in the imposition of sanctions, including monetary sanctions, evidentiary sanctions, and/or

20   striking of defendants' answers.  *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P.

21   41(b).

22             SO ORDERED.

23   Dated:  July 8, 2013.

                                 EDMUND F. BRENNAN
24                               UNITED STATES MAGISTRATE JUDGE

25

26